IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER COLON,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 06-cv-778-DRH** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 04-cr-30056** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant knowingly and voluntarily waives his right to

> seek a pardon, whether before or after his release from custody.
>
> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent changes in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon the Sentencing Guidelines amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.
>
> [ . . . ]
>
> The Defendant waives any challenges to the constitutionality of the United States Sentencing Guidelines. The Defendant waives any right to have facts that determine his offense level under the Guidelines be alleged in an indictment and be found by a jury beyond a reasonable doubt. The Defendant agrees that facts that determine his Sentencing Guideline offense level will be found by the Court at sentencing by a preponderance of the evidence.

Plea agreement at ¶ II-12 (Doc. 60, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently then the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has

specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

In this case, Petitioner states three grounds for relief: (1) that counsel was ineffective for failing to raise at sentencing the issue that the plea agreement had been breached, (2) that the plea agreement is null and void because the Court did not find Petitioner to be a "minor participant" as agreed to in the plea agreement and the Court did not award the anticipated corresponding guidelines reduction at sentencing, and (3) that the government failed to properly establish Petitioner's previous convictions. None of these grounds fall under either of the two exceptions to the waiver listed above. Consequently, there is no basis in the record for avoiding this waiver.

Furthermore, The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised of direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal."

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994). Although Plaintiff attempts to cover Ground 1 in the cloak of ineffective assistance of counsel, the fact remains that Grounds 1 and 2 were raised on direct appeal and denied by the Court of Appeals when it determined that the Court was not bound to follow the recommendations in the plea agreement. *See United States v. Colon*, 186 Fed. Appx. 663 (7th Cir. 2006). Accordingly, Petitioner is barred from raising these issues again in this motion.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived

any right to bring this Section 2255.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

    **IT IS SO ORDERED.**

    **DATED: November 1, 2006.**

                               /s/     David   RHerndon
                                  **DISTRICT JUDGE**